IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CARLOS AVILES ARMENTA #743688 | § | |
| v. | § | CIVIL ACTION NO. 5:07cv178 |
| JACQUELINE CHATMAN, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Carlos Armenta, proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint, Armenta asserts that he filed an appeal concerning his criminal case on August 12, 2006, but after hearing nothing from the Texas Court of Criminal Appeals, he wrote to the clerk, and was told that no appeal had been received. He contended that the Defendants in his lawsuit had conspired to tamper with his mail in retaliation for his lawsuits and grievances.

In a brief in support of his complaint, Armenta said that he had previously filed a lawsuit in December of 2004, which had been "opened, censored, and sent to the wrong court" by prison officials. In April of 2005, he said that prison officials destroyed one of five legal envelopes being sent to the court in another lawsuit, and in April of 2006, he filed another lawsuit in federal court complaining of harassment and retaliation.

On January 6, 2006, Armenta says that he filed a subsequent habeas petition in the state district court in Harris County, alleging that the court lacked jurisdiction to try him as an adult. This application was dismissed by the Texas Court of Criminal Appeals on June 28, 2006.

1

On July 6, Armenta filed a "notice of appeal," which he says was docketed under case no. WR-60,610-02. During the last week of July, Armenta says that he filed a motion for extension of time, and on August 12, 2006, he filed his appeal. Hearing nothing from the Court of Criminal Appeals, he wrote a letter to the Clerk on July 18, 2007, and was told that no appeal had been received.

Armenta argued that the Defendants conspired to deny him access to court, saying that his appeal was not frivolous and so he suffered actual injury. He also alleged that the Defendants were motivated by retaliation over his previous lawsuits and grievances.

The Magistrate Judge ordered the Defendants in the lawsuit to answer, and the parties have filed motions for summary judgment. Armenta has also filed a response to the Defendants' motion for summary judgment, which response argues that the retaliatory act against him was an alleged delay in the sending of his motion for extension of time.

After review of the pleadings and the competent summary judgment evidence, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment be granted and that the lawsuit be dismissed. The summary judgment evidence showed that in fact, Armenta's pleadings had been received by the Texas Court of Criminal Appeals. On July 13, 2006, Armenta sent a "notice of appeal" to the Court of Criminal Appeals, which notice said that Armenta intended to file a petition for discretionary review in response to the dismissal of his subsequent habeas corpus petition. In response, the Clerk wrote Armenta a latter saying that the Texas Rules of Appellate Procedure address discretionary review from decisions rendered by the courts of appeals, and do not provide for discretionary review from the denial of habeas corpus applications. Thus, the letter said, Armenta's notice of appeal had been received and placed in the file, but no further action would be taken. His letter seeking an extension of time in which to appeal was received by the Court of Criminal Appeals on August 17, 2006, and his appeal was received on August 23, 2006. Thus, the Magistrate Judge said, all of the documents which Armenta sent to the Court of Criminal Appeals were received by that court, and so Armenta had failed to show any wrongdoing on the part of any

of the named Defendants. The Magistrate Judge noted that Armenta was told by the Clerk of the Court of Criminal Appeals that no further action would be taken, and that this explained why Armenta heard nothing further from the court.

In his response to the motion for summary judgment, Armenta argued that his motion for extension of time had been delayed by 23 days, in that it was dated July 23, 2006, but received by the Court of Appeals on August 17, 2006. The Magistrate Judge concluded that Armenta had not shown any harm, because no provision existed in the Rules for the appeal for which Armenta sought the extension of time, and so any delay did not affect Armenta's legal position.

With regard to Armenta's claim of retaliation, the Magistrate Judge determined that Armenta failed to show that a retaliatory act was taken at all, much less that any such act was not *de minimis*. Nor did Armenta show any valid basis for a claim of conspiracy. Finally, the Magistrate Judge determined that the Defendants were entitled to qualified immunity.

Armenta filed objections to the Magistrate Judge's Report on January 30, 2009. In his objections, Armenta acknowledges that his habeas petition was dismissed on June 28, 2006, and that he filed a notice of appeal, which was labeled as a petition for discretionary review. He concedes that the Clerk told him that there were no discretionary review procedures in habeas cases, but then says that the Clerk said that the notice of appeal was docketed. Armenta states that he filed a motion for extension of time on July 23 and his notice on August 12, but that he never heard anything from the court.

Armenta argues that the Defendants held his motion for extension of time for 23 days and that this hindered his efforts to pursue a legal claim. He describes his legal claim as "non-frivolous" and says that the question of whether or not he suffered harm is one that only a jury can answer. He says that after his motion was delayed for 23 days, "the court then refused to rule on his appeal." Armenta also argues, without offering any facts in support, that the actions of the Defendants were "motivated by retaliation for the grievances and the lawsuit filed against law library officers, in conspiracy with mailroom employers [sic] as showed throughout Plaintiff's complaint and motions

filed." Thus, he says, he objects to the Magistrate Judge's Report, and says that the case should proceed to a trial by jury.

Armenta's objections are without merit. As the Magistrate Judge observed, Armenta was specifically told by the Clerk of the Court of Criminal Appeals that no further action would be taken on his purported appeal, which he had styled as a petition for discretionary review. The motion for extension of time which he claims was delayed was a request for an extension of time in which to file an appeal for which no legal basis existed. Thus, Armenta's request for an extension of time on his non-existent appeal was nothing more than an exercise in futility, and he failed to show that he had suffered any legal harm as a result of its delay, even assuming that the Defendants did in fact delay it.

As the Magistrate Judge correctly said, Armenta offered nothing to support his conclusory assertions that the Defendants had acted with a retaliatory motive toward him. *See* Grimes v. Texas Dept. of Mental Health & Mental Retardation, 102 F.3d 137, 140 (5th Cir. 1996) (conclusory allegations, speculation, and unsubstantiated assertions are not sufficient to satisfy the non-movant's burden). The allegedly retaliatory act of which Armenta complains in his objections was the delay of his motion for extension of time, and the Magistrate Judge properly stated that such a delay would be a *de minimis* act for purposes of a retaliation claim, because the motion for extension of time plainly lacked merit. Although Armenta characterizes his legal claim as "non-frivolous," he fails to show how filing a motion for extension of time for an appeal which lacked any legal basis, on which he had already been advised that no further action would be taken, could have served any possible purpose. He has failed to show that the Magistrate Judge's Report is in error, and his objections to this Report are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the summary judgment evidence, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

4

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant's motion for summary judgment (docket no. 29) is hereby GRANTED and that the Plaintiff's lawsuit is hereby DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action, specifically including but not limited to the Plaintiff's motions for summary judgment (docket no. 27), for leave to file (docket no. 31), and for continuance (docket no. 32) are hereby DENIED.

SIGNED this 26th day of February, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE